UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-62645-DPG

RAMSES M. ANGULO and
GLORIA E. BAEZ,

               Plaintiffs,                     **JURY TRIAL DEMANDED**

vs.

GC FRIDAYS FLORIDA, LLC,
a Florida corporation, and
TGI FRIDAY'S, INC., a New
York corporation,

               Defendants.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiffs, RAMSES M. ANGULO and GLORIA E. BAEZ, file this Complaint for

Damages against Defendants, GC FRIDAYS FLORIDA, LLC, (hereinafter "GC FRIDAYS"), and

TGI FRIDAY'S, INC., and state:

## INTRODUCTION

1.      This is an action to recover monetary damages in the form of unpaid overtime and

minimum wages, and to redress the deprivation of rights secured to Plaintiffs by the Fair Labor

Standards Act ("FLSA"), as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA"), the Florida

Minimum Wage Amendment, Fla. Const. Art. X, §24, and the Florida Minimum Wage Act,

Fla. Stat. 448.110, (collectively, the "FMWA").

## JURISDICTION

2.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §201 *et*

*seq.,* 29 U.S.C. 216(b), and 28 U.S.C. §§1331 and 1367.

3.     While the Plaintiffs were employed with GC FRIDAYS, Defendant, GC FRIDAYS was an enterprise engaged in interstate commerce.

4.     While the Plaintiffs were employed with TGI FRIDAY'S, INC., Defendant TGI FRIDAY'S, INC. was an enterprise engaged in interstate commerce.

5.     While the Plaintiffs were employed with GC FRIDAYS, it regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

6.     While the Plaintiffs were employed with TGI FRIDAY'S, INC., it regularly operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

7.     At all times during Plaintiffs' employment with Defendant GC FRIDAYS, Defendant GC FRIDAYS employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any other person.

8.     At all times during Plaintiffs' employment with Defendant TGI FRIDAY'S, INC. Defendant TGI FRIDAY'S, INC. employed at least two or more employees who were engaged in interstate commerce, or who were handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any other person.

9.     While the Plaintiffs were employed by GC FRIDAYS, its business consisted of a restaurant which served food and beverages to customers. Plaintiffs' work, and the work of other employees, involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially in its business, and that moved in interstate commerce. Specifically, the Plaintiffs and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the state of Florida.

10. While the Plaintiffs were employed by TGI FRIDAY'S, INC., its business consisted of a restaurant which served food and beverages to customers. Plaintiffs' work, and the work of other employees, involved handling on a regular and recurrent basis "goods" or "materials" that were used commercially its business, and that moved in interstate commerce. Specifically, the Plaintiffs and other employees regularly and recurrently handled food, drinks and other goods or materials which were originally manufactured outside the state of Florida.

11. Upon information and belief, while the Plaintiffs were employed by GC FRIDAYS, it had an annual gross volume of sales made or business done of not less than $500,000.

12. Upon information and belief, while the Plaintiffs were employed by TGI FRIDAY'S, INC., it had an annual gross volume of sales made or business done of not less than $500,000.

13. The Defendant GC FRIDAYS is subject to the jurisdiction of this Court because it engaged in substantial and not isolated activity within the Southern District of Florida while the Plaintiffs were employed by GC FRIDAYS.

14. The Defendant TGI FRIDAY'S, INC. is subject to the jurisdiction of this Court because it engaged in substantial and not isolated activity within the Southern District of Florida while the Plaintiffs were employed by TGI FRIDAY'S, INC.

15. The Defendant GC FRIDAYS is also subject to the jurisdiction of this Court because it operated, conducted, engaged in, and/or carried on business in the Southern District of Florida while the Plaintiffs were employed at GC FRIDAYS.

16. The Defendant TGI FRIDAY'S, INC. is also subject to the jurisdiction of this Court because it operated, conducted, engaged in, and/or carried on business in the Southern District of Florida while the Plaintiffs were employed at TGI FRIDAY'S, INC.

## VENUE

17.     Venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a.  The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida;

    b.  At all times material hereto, Defendants were and continue to be Florida corporations doing business within this judicial district.

    c.  Defendants employed Plaintiffs in the Southern District of Florida.

## STATEMENT OF FACTS

18.     At all times material hereto, Plaintiff ANGULO was a resident living within the Southern District of Florida.

19.     At all times material hereto, Plaintiff BAEZ was a resident living within the Southern District of Florida.

20.     Upon information and belief, from 2015 to about February or March 2019, CG FRIDAYS owned and operated a restaurant doing business as TGI FRIDAYS located at 500 Ocean Drive, Miami Beach, in Miami-Dade County, Florida, ("South Beach location").

21.     Upon information and belief, from about February or March 2019 until at least August 2019, TGI FRIDAY'S, INC. owned and operated the TGI FRIDAYS South Beach location.

22.     The Plaintiff, ANGULO work at the TGI FRIDAYS South Beach location from about 2010 to about August 2019. He worked briefly as a bookkeeper, and then otherwise worked as a server.

23.     The Plaintiff, BAEZ work at the TGI FRIDAYS South Beach location from about March 2017 to about August 2019. She worked as a host, then server, then shift manager/key holder and server, then as a server again.

24.     During the time period when GC FRIDAYS operated the South Beach location and ANGULO worked at that location, Plaintiff ANGULO was an "employee" of the Defendant GC FRIDAYS within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

25.     During the time period when GC FRIDAYS operated the South Beach location and BAEZ worked at that location, Plaintiff BAEZ was an "employee" of the Defendant GC FRIDAYS within the meaning of the FLSA, and within the meaning of FMWA, which adopts the FLSA's definition of "employee."

26.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and ANGULO worked at that location, Plaintiff ANGULO was an "employee" of the Defendant TGI FRIDAY'S, INC. within the meaning of the FLSA, and within the meaning of the FMWA, which adopts the FLSA's definition of "employee."

27.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and BAEZ worked at that location, Plaintiff BAEZ was an "employee" of the Defendant TGI FRIDAY'S, INC. within the meaning of the FLSA, and within the meaning of Fla. Const. Art. X, §24, which adopts the FLSA's definition of "employee."

28.     While Defendant GC FRIDAYS operated the South Beach location, it did business as TGI FRIDAYS.

29.     While Defendant TGI FRIDAY'S, INC. operated the South Beach location, it did business as TGI FRIDAYS.

30.     The Plaintiff ANGULO'S job duties as a server at TGI FRIDAYS included interacting with customers, and selling food and beverages, but he also was required to perform side work and wash dishes.

31.     The Plaintiff BAEZ'S job duties as a server at TGI FRIDAYS included interacting with customers, and selling food and beverages, but she also was required to perform side work and wash dishes.

32.     During the time period when GC FRIDAYS operated the South Beach location and ANGULO worked at that location, Defendant GC FRIDAYS paid Plaintiff ANGULO below the full minimum wage for some of his work hours, and no wages for some of his work hours.

33.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and ANGULO worked at that location, Defendant TGI FRIDAY'S, INC. paid Plaintiff ANGULO below the full minimum wage for some of his work hours, and no wages for some of his work hours.

34.     During the time period when GC FRIDAYS operated the South Beach location and BAEZ worked at that location, Defendant GC FRIDAYS paid Plaintiff BAEZ below the full minimum wage for some of her work hours, and no wages for some of her work hours.

35.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and BAEZ worked at that location, Defendant TGI FRIDAY'S, INC. paid Plaintiff BAEZ below the full minimum wage for some of her work hours, and no wages for some of her work hours.

36.     During the time period when GC FRIDAYS operated the South Beach location and Plaintiff ANGULO worked at that location, Plaintiff ANGULO sometimes would not to clock in for his shifts until he took his first customer order.

37.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and Plaintiff ANGULO worked at that location, Plaintiff ANGULO sometimes would not to clock in for his shifts until he took his first customer order.

38.     During the time period when GC FRIDAYS operated the South Beach location and Plaintiff BAEZ worked at that location, Plaintiff BAEZ sometimes would not to clock in for her shifts until she took her first customer order.

39.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and Plaintiff BAEZ worked at that location, Plaintiff BAEZ sometimes would not to clock in for her shifts until she took her first customer order.

40.     Management at GC FRIDAYS was aware the Plaintiffs were not clocking in until they took their first customer order.

41.     Management at TGI FRIDAY'S, INC. was aware the Plaintiffs were not clocking in until they took their first customer order.

42.     Management at GC FRIDAYS encouraged the Plaintiffs to not clock on until they took their first customer order.

43.     Management at TGI FRIDAY'S, INC. encouraged the Plaintiffs to not clock on until they took their first customer order.

44.     During the time period when GC FRIDAYS operated the South Beach location and Plaintiff ANGULO worked at that location, Plaintiff ANGULO sometimes would clock out and continue performing work.

45.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and Plaintiff ANGULO worked at that location, Plaintiff ANGULO sometimes would clock out and continue performing work.

46.     During the time period when GC FRIDAYS operated the South Beach location and Plaintiff BAEZ worked at that location, Plaintiff BAEZ sometimes would clock out and continue performing work.

47.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and Plaintiff BAEZ worked at that location, Plaintiff BAEZ sometimes would clock out and continue performing side work or other work.

48.     Management at GC FRIDAYS encouraged the Plaintiffs to clock out and continue performing work.

49.     Management at TGI FRIDAY'S, INC. encouraged the Plaintiffs to clock out and continue performing work.

50.     Management at GC FRIDAYS was aware Plaintiffs would clock out and continue performing work.

51.     Management at TGI FRIDAY'S, INC. was aware Plaintiffs would clock out and continue performing work.

52.     While the Plaintiffs were employed by GC FRIDAYS, if the Plaintiffs clocked in outside the clock in window of time, a manger would have to swipe in the Plaintiffs to allow the Plaintiffs to clock in.

53.     While the Plaintiffs were employed by TGI FRIDAY'S, INC., if the Plaintiffs clocked in outside the clock in window of time, a manger would have to swipe in the Plaintiffs to allow the Plaintiffs to clock in.

54.     While the Plaintiffs were employed by GC FRIDAYS, if the Plaintiffs clocked out outside the clock out window of time, a manger would have to swipe out the Plaintiffs and other servers to allow the Plaintiffs to clock out.

55.     While the Plaintiffs were employed by TGI FRIDAY'S, INC., if the Plaintiffs clocked out outside the clock out window of time, a manger would have to swipe out the Plaintiffs and other servers to allow the Plaintiffs to clock out.

56.     During the time period when GC FRIDAYS operated the South Beach location and Plaintiff BAEZ worked at that location, management deleted some of her work hours and did not pay her any wages for those work hours.

57.     During the time period when TGI FRIDAY'S, INC. operated the South Beach location and Plaintiff BAEZ worked at that location, management deleted some of her work hours and did not pay her any wages for those work hours.

58.     While the Plaintiff ANGULO was employed by Defendant GC FRIDAYS, there were times when there was no dishwasher scheduled to work for some hours on a shift or the dishwasher left work before the end of the shift.  Plaintiff  ANGULO routinely performed dishwashing work at those times, in addition to his server side work and his server duties.

59.     While the Plaintiff BAEZ was employed by Defendant GC FRIDAYS, there were times when there was no dishwasher scheduled to work for some hours on a shift or the dishwasher left work before the end of the shift.  Plaintiff  BAEZ routinely performed dishwashing work at those times, in addition to her server side work and her server duties.

60.     While the Plaintiff ANGULO was employed by Defendant TGI FRIDAY'S, INC., there were times when there was no dishwasher scheduled to work for some hours on a shift or the dishwasher left work before the end of the shift.  Plaintiff  ANGULO routinely performed dishwashing work at those times, in addition to his server side work and his server duties.

61.     While the Plaintiff BAEZ was employed by Defendant TGI FRIDAY'S, INC., there were times when there was no dishwasher scheduled to work for some hours on a shift or the dishwasher left

work before the end of the shift. Plaintiff BAEZ routinely performed dishwashing work at those times, in addition to her server side work and her server duties.

62.    Defendants GC FRIDAYS failed to properly disclose or apprise Plaintiffs of their rights under the FLSA and/or the FMWA.

63.    Defendants GC FRIDAYS failed to properly disclose or apprise Plaintiffs of their rights under the FLSA and/or the FMWA.

64.    At all times material hereto, Defendant GC FRIDAYS was and continues to be an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

65.    At all times material hereto, Defendant TGI FRIDAY'S, INC. was and continues to be an "employer" within the meaning of the FLSA and the Fla. Const. Art. X, §24 and Fla. Stat. §448.110, which adopt the FLSA's definition of "employer."

66.    Upon information and belief, TGI FRIDAY' INC. is a successor to GC FRIDAYS.

67.    Upon information and belief, there was continuity of operations between GC FRIDAYS and TGI FRIDAY'S, INC. at the South Beach location, including:

     a.   TGI FRIDAY'S, INC. continued to do business as under the same name of TGI FRIDAYS at the South Beach location;

     b.   TGI FRIDAY'S, INC. continued operating TGI FRIDAYS at the South Beach location;

     c.   Members of management, including but not limited to, Elaine Baruzzo, Andrew Dunkes, Ray Schollmeyer, and Tim Whlan, Sandra Sarria, and Allan Mosely worked at TGI FRIDAYS while GC FRIDAYS operated the South Beach location and those managers continued to work at that location after TGI FRIDAY'S, INC. began operating that location.

d.  TGI FRIDAY'S, INC. used substantially the same workforce as GC FRIDAYS;

e.  The same unlawful pay practices continued after TGI FRIDAY'S, INC. began operating the South Beach location of TGI FRIDAYS; and,

f.  TGI FRIDAY'S, INC. used the same facility and equipment as GC FRIDAYS, and sold the same or similar menu items as GC FRIDAYS provided.

68.  Upon information and belief, TGI FRIDAY'S, INC. was aware of the pay practices alleged herein regarding the Plaintiffs at the South Beach location.

69.  Defendant TGI FRIDAY'S, INC. is liable for the violations alleged herein both before and it after became the owner and operator of the TGI FRIDAYS South Beach location from GC FRIDAYS because TGI FRIDAY'S, INC. is a successor entity.

70.  On or about November 21, 2019, December 10, 2019, and December 17, 2020, the Plaintiff ANGULO sent a letter pursuant to Fla. Stat. §448.110(6) notifying Defendants of his Florida minimum wage claims.

71.  On or about December 10, 2019, the Plaintiff BAEZ sent a letter pursuant to Fla. Stat. §448.110(6) notifying Defendants of her Florida minimum wage claims.

72.  On February 13, 2020, the Plaintiffs sent Defendants and additional letter regarding the Plaintiffs' wage claims.

73.  The Plaintiffs also notified Defendants of their overtime wage claims prior to filing this lawsuit.

74.  The Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived or are inapplicable.

75.  The Plaintiffs have retained Bober & Bober, P.A. to represent them in this lawsuit.

**STATEMENT OF CLAIMS**

**COUNT I**

**VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**
***BY ANGLULO & BAEZ AS TO DEFENDANT GC FRIDAYS***

76.     The Plaintiffs ANGULO and BAEZ re-allege paragraphs 1 through 65 and 70 to 75 of this Complaint as if fully set forth herein.

77.     The Plaintiffs ANGULO and BAEZ'S employment with Defendant GC FRIDAYS was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

78.     The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

79.     During the Plaintiffs ANGULO and BAEZ'S employment with GC FRIDAYS, they were hourly paid, "tipped" employees.

80.     During the Plaintiffs ANGULO and BAEZ'S employment, they received tips from customers.

81.     During the Plaintiff ANGULO'S employment, Defendant GC FRIDAYS failed to pay him a direct wage for all hours worked, causing his wages to fall below the applicable federal minimum wage for some hours.

82.     During the Plaintiff BAEZ'S employment, Defendant GC FRIDAYS failed to pay her a direct wage for all hours worked, causing her wages to fall below the applicable federal minimum wage for some hours.

83.     Defendant GC FRIDAYS was required to pay Plaintiffs ANGULO and BAEZ the applicable FLSA minimum wages for all unpaid hours worked.

84.     Defendant GC FRIDAYS was required to pay the Plaintiffs ANGULO and BAEZ at least the full minimum wage rate for time spent dishwashing.

12

85.     Defendant GC FRIDAYS paid the Plaintiffs ANGULO and BAEZ below the full minimum wage rate for time spent dishwashing.

86.     As a result of Defendant GC FRIDAYS'S disregard of the FLSA, the Plaintiff ANGULO is entitled to liquidated damages pursuant to the FLSA.

87.     As a result of Defendant GC FRIDAYS'S disregard of the FLSA, the Plaintiff BAEZ is entitled to liquidated damages pursuant to the FLSA.

88.     Defendant GC FRIDAYS knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiffs.

WHEREFORE, Plaintiffs ANGULO and BAEZ respectfully requests judgment in their favor:

a.  finding Defendant GC FRIDAYS violated the FLSA's minimum wage requirements;

b.  awarding all unpaid minimum wages due or payable to Plaintiffs ANGULO and BAEZ;

c.  awarding an equal amount in liquidated damages;

d.  awarding Plaintiffs ANGULO and BAEZ reasonable attorney's fees, costs, and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.  awarding post-judgment interest; and,

f.  awarding all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF FLSA, 29 U.S.C. § 206 (UNPAID MINIMUM WAGES) *BY ANGULO AND BAEZ AS TO DEFENDANT TGI FRIDAY'S, INC.*

89.     The Plaintiffs ANGULO and BAEZ re-allege Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

90.     The Plaintiff ANGULO and BAEZ'S employment with Defendant TGI FRIDAY'S, INC. was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

91.     The FLSA, 29 U.S.C. §206 requires that any non-exempt employee covered by the FLSA be paid a minimum wage.

92.     During the Plaintiffs ANGULO and BAEZ'S employment with TGI FRIDAY'S, INC., they were hourly paid, "tipped" employees.

93.     During the Plaintiff ANGULO and BAEZ'S employment, they received tips from customers.

94.     During the Plaintiff ANGULO'S employment, Defendant TGI FRIDAY'S, INC. failed to pay him a direct wage for all hours worked, causing his wage to fall below the applicable federal minimum wage for some hours.

95.     During the Plaintiff BAEZ'S employment, Defendant TGI FRIDAY'S, INC. failed to pay her a direct wage for all hours worked, causing her wage to fall below the applicable federal minimum wage for some hours.

96.     Defendant TGI FRIDAY'S, INC. was required to pay Plaintiffs ANGULO and BAEZ the applicable FLSA minimum wages for all unpaid hours worked.

97.     Defendant TGI FRIDAY'S, INC. was required to pay the Plaintiffs ANGULO and BAEZ at least the full minimum wage rate for time spent dishwashing.

98.     Defendant GC FRIDAYS paid the Plaintiffs ANGULO and BAEZ below the full minimum wage rate for time spent dishwashing.

99.     As a result of Defendant TGI FRIDAY'S, INC. disregard of the FLSA, the Plaintiffs ANGULO and BAEZ are entitled to liquidated damages pursuant to the FLSA.

100.    Defendant TGI FRIDAY'S, INC. knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of minimum wages to the Plaintiffs.

101.    Defendant TGI FRIDAY'S, INC. is liable for the minimum wage violation that occurred while the Plaintiffs ANGULO and BAEZ were employed by GC FRIDAYS because, upon

information and belief, TGI FRIDAY'S, INC. has successor liability for those FLSA wage violations that occurred.

WHEREFORE, Plaintiffs ANGULO and BAEZ respectfully requests judgment in their favor:

a. finding that Defendant TGI FRIDAY'S, INC. violated the FLSA's minimum wage requirements;

b. awarding all unpaid minimum wages due or payable to Plaintiffs ANGULO and BAEZ;

c. awarding an equal amount in liquidated damages;

d. awarding Plaintiffs ANGULO and BAEZ reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. awarding post-judgment interest; and,

f. awarding all other and further relief this Court deems to be just and proper.

## COUNT III

### MINIMUM WAGE CLAIM PURSUANT TO
### FLA. CONST. ART. X, §24 & FLA. STAT. §448.110
### BY ANGLULO AND BAEZ AS TO DEFENDANT GC FRIDAYS

102. The Plaintiffs ANGULO and BAEZ re-allege paragraphs 1 through 65 and 70 to 75 of this Complaint as if fully set forth herein.

103. The Plaintiff ANGULO and BAEZ'S employment with Defendant GC FRIDAYS was to consist of a normal workweek for which they were to be compensated at or above the Florida minimum wage.

104. The FMWA requires that any non-exempt employee covered by the FMWA be paid a minimum wage.

105. During the Plaintiffs' employment with GC FRIDAYS, they were hourly paid, "tipped" employee.

106. During the Plaintiff's employment with Defendant GC FRIDAYS, they received tips from customers.

107. During the Plaintiff ANGULO'S employment, Defendant GC FRIDAYS failed to pay him a direct wage for all hours worked, causing his wage to fall below the applicable Florida minimum wage for some hours.

108. During the Plaintiff BAEZ'S employment, Defendant GC FRIDAYS failed to pay her a direct wage for all hours worked, causing her wage to fall below the applicable Florida minimum wage for some hours.

109. Defendant GC FRIDAYS was required to compensate Plaintiffs at the applicable Florida minimum wage for all hours worked.

110. Defendant GC FRIDAYS was required to pay the Plaintiffs ANGULO and BAEZ at least the full minimum wage rate for time spent dishwashing.

111. Defendant GC FRIDAYS paid the Plaintiffs ANGULO and BAEZ below the full minimum wage rate for time spent dishwashing.

112. As a result of Defendant GC FRIDAYS'S disregard of the FMWA, the Plaintiffs are entitled to liquidated damages pursuant to the FMWA.

113. Defendant GC FRIDAYS knew of and/or showed a willful and reckless disregard for the provisions of the FMWA concerning the payment of minimum wages to the Plaintiffs.

114. As a result of Defendant GC FRIDAYS' disregard of the Article X, §24 of the Florida Constitution, Plaintiffs are entitled to liquidated damages pursuant to the FMWA.

WHEREFORE, the Plaintiffs respectfully requests enter judgment in their favor:

   a. finding that Defendant GC FRIDAYS violated the FMWA's minimum wage requirements;

   b. awarding all unpaid minimum wages due or payable to the Plaintiffs;

c.   awarding an equal amount in liquidated damages;

d.   awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;

e.   awarding post-judgment interest; and,

f.   awarding all other and further relief this Court deems to be just and proper.

**<u>COUNT IV</u>**

**MINIMUM WAGE CLAIM PURSUANT TO**
**FLA. CONST. ART. X, §24 & FLA. STAT. §448.110**
***BY ANGLULO AND BAEZ AS TO DEFENDANT TGI FRIDAY'S, INC.***

115.   The Plaintiffs ANGULO and BAEZ re-allege Paragraphs 1 to 75 of this Complaint as if fully set forth herein.

116.   The Plaintiff ANGULO and BAEZ'S employment with Defendant TGI FRIDAY'S, INC. was to consist of a normal workweek for which they were to be compensated at or above the Florida minimum wage.

117.   The Fla. Const. Art. X, §24 and Fla. Stat. §448.110, ("FMWA"), require that any non-exempt employee covered by the FMWA be paid a minimum wage.

118.   During the Plaintiffs' employment with TGI FRIDAY'S, INC., they were hourly paid, "tipped" employee.

119.   During the Plaintiffs' employment with Defendant TGI FRIDAY'S, INC., they received tips from customers.

120.   During the Plaintiff ANGULO'S employment, Defendant TGI FRIDAY'S, INC. failed to pay him a direct wage for all hours worked, causing his wage to fall below the applicable Florida minimum wage for some hours.

121.     During the Plaintiff BAEZ'S employment, Defendant TGI FRIDAY'S, INC. failed to pay her a direct wage for all hours worked, causing her wage to fall below the applicable Florida minimum wage for some hours.

122.     Defendant TGI FRIDAY'S, INC. was required to compensate Plaintiffs with at least the full Florida minimum wage for all hours worked.

123.     Defendant GC FRIDAYS was required to pay the Plaintiffs ANGULO and BAEZ at least the full minimum wage rate for time spent dishwashing.

124.     Defendant GC FRIDAYS paid the Plaintiffs ANGULO and BAEZ below the full minimum wage rate for time spent dishwashing.

125.     As a result of Defendant TGI FRIDAY'S, INC.'S disregard of the FMWA, the Plaintiffs are entitled to liquidated damages pursuant to the FMWA.

126.     Defendant TGI FRIDAY'S, INC. knew of and/or showed a willful and reckless disregard for the provisions of the FMWA concerning the payment of minimum wages to Plaintiffs.

127.     Defendant TGI FRIDAY'S, INC. is liable for the FMWA minimum wage violation that occurred while the Plaintiffs ANGULO and BAEZ were employed by GC FRIDAYS because, upon information and belief, TGI FRIDAY'S, INC. has successor liability for those wage violations that occurred.

WHEREFORE, the Plaintiffs respectfully requests entry of judgment in their favor:

   a.    finding that Defendant TGI FRIDAY'S, INC. violated the FMWA's minimum wage requirements;

   b.    awarding all unpaid minimum wages due or payable to the Plaintiffs;

   c.    awarding an equal amount in liquidated damages;

   d.    awarding reasonable attorney's fees and costs and expenses of this litigation pursuant to the FMWA;

     e.   awarding post-judgment interest; and

     f.   awarding all other and further relief this Court deems to be just and proper.


## COUNT V

**VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)**
***BY ANGLULO AND BAEZ AS TO DEFENDANT GC FRIDAYS***

128.    The Plaintiffs, ANGULO and BAEZ repeat and re-allege paragraphs 1 through 65 and 70 to 75 as if fully set forth herein.

129.    The Plaintiffs, ANGULO and BAEZ'S employment with the Defendant GC FRIDAYS was to consist of a normal work week for which they should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

130.    During the Plaintiff ANGULO'S employment with GC FRIDAYS, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours.

131.    During the Plaintiff BAEZ'S employment with GC FRIDAYS, she worked hours in excess of forty (40) per week for which she was not compensated at the statutory rate of time and one-half the applicable hourly rate for her overtime hours.

132.    Due to the unlawful acts of the Defendant GC FRIDAYS, Plaintiffs, ANGULO and BAEZ have suffered damages for unpaid overtime wages, and are entitled to an equal amount as liquidated damages.

133.    Defendant GC FRIDAYS knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiffs.

134.    The Plaintiffs are entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests judgment in their favor:

a. finding the Defendant GC FRIDAYS violated the FLSA's overtime provisions of 29 U.S.C. §207;

b. awarding the Plaintiffs overtime compensation in the amount calculated;

c. awarding the Plaintiffs liquidated damages in the amount calculated;

d. warding the Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding the Plaintiffs post-judgment interest; and,

f. Awarding any other and further relief this Court deems to be just and proper.

## COUNT VI

**VIOLATION OF FLSA, 29 U.S.C. § 207 (UNPAID OVERTIME)**
*BY ANGLULO AND BAEZ AS TO DEFENDANT TGI FRIDAY'S, INC.*

135. The Plaintiffs, ANGULO and BAEZ repeats and re-alleges Paragraphs 1 to 75 as if fully set forth herein.

136. The Plaintiffs ANGULO and BAEZ'S employment with the Defendant TGI FRIDAY'S, INC. was to consist of a normal work week for which they should have received time and one-half for hours worked in excess of the maximum hours provided for in the FLSA.

137. During the Plaintiff ANGULO'S employment with TGI FRIDAY'S, INC., he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the applicable hourly rate for his overtime hours.

138. During the Plaintiff BAEZ'S employment with TGI FRIDAY'S, INC., she worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half the applicable hourly rate for her overtime hours.

139. Due to the unlawful acts of the Defendant TGI FRIDAY'S, INC., Plaintiffs, ANGULO and BAEZ have suffered damages for unpaid overtime wages, and are entitled to an equal amount as liquidated damages.

140. Defendant TGI FRIDAY'S, INC. knew of and/or showed a willful and reckless disregard for the provisions of the FLSA concerning the payment of overtime wages to the Plaintiffs.

141. The Plaintiffs are entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

142. Defendant TGI FRIDAY'S, INC. is liable for the FLSA overtime wage violation that occurred while the Plaintiffs ANGULO and BAEZ were employed by GC FRIDAYS because, upon information and belief, TGI FRIDAY'S, INC. has successor liability for those wage violations that occurred.

WHEREFORE, Plaintiffs, ANGULO and BAEZ respectfully requests that judgment be entered in their favor against the Defendant TGI FRIDAY'S, INC. for unpaid overtime:

    a. finding the Defendant TGI FRIDAY'S, INC. violated the FLSA's overtime provisions of 29 U.S.C. §207;

    b. finding Defendant TGI FRIDAY'S, INC. acted willfully in violating the FLSA's overtime provisions;

    c. awarding the Plaintiffs overtime compensation in the amount calculated;

    d. awarding the Plaintiffs liquidated damages in the amount calculated;

    e. awarding the Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    f. Awarding the Plaintiffs post-judgment interest; and,

    g. Awarding any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: March 2, 2020.

Respectfully submitted,

By: Samara Robbins Bober
SAMARA ROBBINS BOBER
FBN: 0156248
samara@boberlaw.com
PETER BOBER
FBN: 0122955
peter@boberlaw.com
BOBER & BOBER, P.A.
2699 Stirling Road, Suite A-304
Hollywood, FL 33312
Phone: (954) 922-2298
Fax: (954) 922-5455
*Attorney for Plaintiffs*